IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES PEARCE, | : | HABEAS CORPUS |
| GDC NO. 1259904, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE CHATMAN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-0128-WSD-WEJ |

## FINAL REPORT AND RECOMMENDATION

Petitioner, James Pearce, currently held in the Autry State Prison in Pelham, Georgia, seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his August 28, 2007 convictions in the Superior Court of Gwinnett County. Before the Court are the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] and respondent's Motion to Dismiss Petition for Lack of Exhaustion [6]. For the reasons stated below, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss [6] be **GRANTED**, and that the Petition [1] be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## I.    PROCEDURAL HISTORY

On August 28, 2007, a Gwinnett County jury convicted petitioner of aggravated sexual battery, incest, child molestation, and statutory rape. (Resp't Ex. 2a, pt.3 [7-4], at 13.) Petitioner received a total sentence of thirty years of imprisonment, followed by ten years on probation. (Id. at 25-26.) Keith E. Adams represented petitioner at trial. (Resp't Ex. 2b, pt. 2 [8-2], at 3.) Petitioner, through attorney Macklyn A. Smith, Sr., appealed his convictions to the Georgia Court of Appeals, arguing that the trial court erred in (1) failing to excuse prospective juror number twelve for cause, (2) failing to declare a mistrial sua sponte based on comments made by a state witness and the prosecutor, (3) sustaining an objection to defense cross-examination on a ground other than that propounded by the prosecutor, (4) admitting carpet and DNA evidence when the prosecutor failed to establish a proper chain of custody, (5) admitting certain testimony from a nurse practitioner, and (6) denying his motion for a directed verdict as to the aggravated sexual battery charge. (Resp't Ex. 2a, pt. 11 [7-12], at 8-18.) Likewise, petitioner argued that trial counsel was ineffective for (7) failing to move for a mistrial when a state witness and the prosecutor made inappropriate comments, and (8) failing to "question the alleged victim deeper" about the appearance of petitioner's genitalia. (Id. at 16-18.) On November 5, 2009, the

2

Georgia Court of Appeals affirmed Petitioner's convictions.  Pearce v. State, 686 S.E.2d 392 (Ga. Ct. App. 2009).

On January 29, 2010, petitioner filed a state habeas corpus petition in the Superior Court of Mitchell County, Georgia, arguing that: (1) the trial court lacked venue and subject matter jurisdiction because he "was prosecuted in a court of admiralty/maritime jurisdiction without any valid international contract of signed treaty and/or pact in the State of Georgia or the United States or any other state in America"; (2) "[t]here are no enacting clause[s] for the O.C.G.A.'s which are essential and the Georgia Code Revision Commission is a non-constitutional public-quasi corporation which includes members of the Georgia Bar, a Judge, and a District Attorney which is a non-constitutional entity, violated Constitutional right [sic]"; (3) his prosecution was "fraudulent" because "'no' issue and/or crime lawfully existed between the State and the Petitioner"; and (4) "[t]he criminal indictment filed against Petitioner [is] based upon [] O.C.G.A.'s Code/Policies which are under a Copyright, are not lawfully sufficient charging instruments as demanded under Due Process and Equal Protection Clause of the State and Federal Constitution's Bill of Rights." (Resp't Ex. 1 [7-1], at 4.)  The state habeas court conducted an evidentiary hearing on September 13, 2010. (Resp't Ex. 2a, pt. 1 [7-2], at 1-8.)  As of the date of respondent's

3

Motion to Dismiss, the state court had not entered a final order in petitioner's state habeas action. (Resp't Br. [6-1] 1.)

Petitioner filed this federal habeas action on December 14, 2010.[1] (Pet. [1] 7.) Petitioner contends that: (1) the petite jury was unconstitutionally selected because the court failed to strike prospective juror number twelve after learning that she had been a victim of child molestation; (2) the "prosecution staged witnesses she knew were not qualified to testify as 'experts,' and then forced the jury to accept these testimonies as if they were being presented by an 'expert'"; (3) trial counsel provided ineffective assistance by allowing the admission of hearsay evidence and unsolicited comments by witnesses Verna Williams and Holly West; and (4) after his presumed acquittal, the trial court "forc[ed] the jury to re-deliberate under new charges . . . through an altered Allen charge with a minimum amount of time in which to deliberate." (Id. at 5-6.) Respondent moves to dismiss the Petition for lack of exhaustion, as the state habeas corpus petition remains pending. (Resp't Br. 2-4.) Petitioner has not replied, and the time to do so has expired.

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. Rules Governing § 2254 Cases, Rule 3(d), 28 U.S.C. foll. § 2254; see also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

4

## II.   DISCUSSION

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). As a matter of comity, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's highest court, even if review in that court is discretionary, as long as "that review is part of the ordinary appellate review procedure in the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999). The Eleventh Circuit has construed Boerckel to require Georgia prisoners to seek a certificate of probable cause from the Georgia Supreme Court on the denial of a state habeas corpus petition in order to exhaust state remedies. Pope v. Rich, 358 F.3d 852, 853-54 (11th Cir. 2004) (per curiam). Generally, when a federal petitioner's claims are unexhausted, the district court should dismiss the

5

federal petition without prejudice to allow exhaustion. See Rose v. Lundy, 455 U.S. 509, 519 (1982).

In this case, petitioner is currently pursuing his state court remedies through a pending state habeas corpus petition. Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights. Respondent has raised the affirmative defense of lack of exhaustion and petitioner has not opposed the Motion to Dismiss. See N.D. Ga. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). "To allow simultaneous federal and state proceedings would offend the principles of comity that form the basis for the exhaustion requirement." Brown v. Walker, No. 1:09-cv-2534-WSD, 2010 WL 3516820, at *1 (Aug. 31, 2010) (citing Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (per curiam)). Accordingly, the undersigned **RECOMMENDS** that respondent's unopposed Motion to Dismiss be **GRANTED** for lack of exhaustion.[2]

---

[2] Where the exhaustion requirement threatens the loss of federal review due to the running of the one-year limitations period for filing a federal habeas corpus petition, the district court should consider staying (rather than dismissing) the federal proceedings. Rhines v. Weber, 544 U.S. 269, 273-74 (2005). Here, the state habeas corpus petition tolls the federal limitations period; thus, there is no need to stay the instant federal action. See 28 U.S.C. § 2244(d)(2).

### III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases, Rule 11, 28 U.S.C. foll. §2254.  Moreover, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

7

Jimenez v. Quarterman, 555 U.S. 113, __, 129 S. Ct. 681, 684 n.3 (2009) (internal quotations omitted, citing Slack, 529 U.S. at 484). Petitioner cannot show that reasonable jurists could debate the dismissal of the instant Petition; thus, the Court should deny a certificate of appealability.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss [6] be **GRANTED**, that the Petition [1] be **DISMISSED WITHOUT PREJUDICE** for lack of complete exhaustion, and that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of April, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES PEARCE,<br>GDC NO. 1259904,<br>    Petitioner,<br><br>   v.<br><br>BRUCE CHATMAN,<br>    Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2254<br><br><br><br><br>CIVIL ACTION NO.<br>1:11-CV-0128-WSD-WEJ |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review

by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 21st day of April, 2011.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE