IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES PEARCE,

                Petitioner,

v.                               1:11-cv-0128-WSD-WEJ

BRUCE CHATMAN,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation ("R&R") [10], recommending that Respondent Bruce Chatman's ("Respondent") Motion to Dismiss [6] be granted, and that Petitioner James Pearce's ("Pearce" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1] be dismissed without prejudice for lack of exhaustion. The Magistrate Judge recommended also that a Certificate of Appealability ("COA") not be issued. Neither party has objected to the R&R.

## I.    BACKGROUND[1]

On August 28, 2007, a Gwinnett County jury found Petitioner guilty of aggravated sexual battery, incest, child molestation, and statutory rape, for which

---

[1] The Court briefly summarizes the procedural history here. The background of this case is more fully set forth in the R&R.

he was sentenced to thirty (30) years imprisonment and ten (10) years probation.[2] (7-4 at 13, 25-26)  On November 5, 2009, the Georgia Court of Appeals affirmed Petitioner's convictions.  Pearce v. State, 686 S.E.2d 392 (Ga. Ct. App. 2009).

On January 29, 2010, Pearce filed a state habeas corpus petition in the Superior Court of Mitchell County, Georgia.[3]  On September 13, 2010, the state habeas court conducted an evidentiary hearing.  (7-2 at 1-8)  As of this date, the state court has not entered a final order in Petitioner's state habeas action.

On December 14, 2010, Pearce petitioned this Court for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254.  Petitioner contends that: (1) the petite jury was unconstitutionally selected because the court failed to strike a prospective juror after learning that she had been a victim of child molestation; (2) the "prosecution staged witnesses she knew were not qualified to testify as 'experts,' and then forced the jury to accept these testimonies as if they were being presented by an 'expert;'" (3) trial counsel provided ineffective assistance by allowing the admission of hearsay evidence and unsolicited comments by witnesses Verna Williams and Holly West; and (4) after his presumed acquittal, the trial court

---

[2]  State v. James Pearce, Case No. 05-B-4921-1.
[3]  Pearce v. Chatman, Civil Action No. 10-v-061.

"force[d] the jury to re-deliberate under new charges . . . through an altered <u>Allen</u> charge with a minimum amount of time in which to deliberate."  (1 at 5-6)

Respondent moves to dismiss the Petition for lack of exhaustion because Pearce's state habeas petition is still pending.  (6-1 at 2-4)  Petitioner did not reply to Respondent's motion.  On April 21, 2011, the Magistrate Judge issued his R&R, recommending that Respondent's unopposed Motion to Dismiss be granted, and that the Petition be dismissed without prejudice.  The Magistrate Judge also recommended that a COA not be issued.  Neither party has objected to the R&R.

## II. DISCUSSION

### A. <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  <u>Jeffrey S. by Ernest S. v. State Board of Educ. of Ga.</u>, 896 F.2d 507, 512

(11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because neither party has objected to the R&R, the Court reviews for plain error the Magistrate Judge's recommendation that the Petition be dismissed without prejudice for lack of exhaustion and a COA not be issued.

  B.  Dismissal for Lack of Exhaustion

  The AEDPA provides that a Court shall not grant an application for a writ of habeas corpus unless:

  (A) the applicant has exhausted the remedies available in the courts of the State; or
  (B)(i) there is an absence of available State corrective process; or
   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The Eleventh Circuit has consistently held that, in order to exhaust state remedies, Georgia prisoners must seek a certificate of probable cause from the Georgia Supreme Court on the denial of a state habeas petition. Pope v. Rich, 358 F.3d 852, 853-54 (11th Cir. 2004) (per curiam). Principles of comity would be violated by allowing a state prisoner to simultaneously pursue both his appeal in state court and a habeas corpus petition in federal court. Horowitz v.

Wainwright, 709 F.2d 1403 (11th Cir. 1983). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (per curium) (citing Rose v. Lundy, 455 U.S. 509, 519-520 (1982)).

Respondent has moved to dismiss Pearce's Petition for lack of exhaustion. Since Petitioner failed to reply to Respondent's motion, the Magistrate Judge deemed the motion unopposed, and recommended that the Petition be dismissed without prejudice. The Magistrate Judge found that Petitioner is currently pursuing his state court remedies through a pending state habeas petition. (10 at 6) The Magistrate Judge found further that Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights. (Id.) Finding no plain error in the Magistrate Judge's findings of fact and conclusions of law that Petitioner has failed to exhaust his state remedies, the Court adopts the Magistrate Judge's recommendation that Pearce's Petition must be dismissed without prejudice.

    C.    Denial of a Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge recommended that a COA not be issued, finding that Petitioner cannot show that reasonable jurists could debate dismissal of the instant Petition. (10 at 8) Finding no plain error in the Magistrate Judge's findings of fact and conclusions of law that the decisive procedural issue in this case, lack of exhaustion, is not debatable, the Court adopts the Magistrate Judge's recommendation that a Certificate of Appealability is required to be denied.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss [6] is **GRANTED**, and Pearce's Petition for a Writ of Habeas Corpus [1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 12th day of May, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE